# United States Court of Appeals for the Federal Circuit

2008-7090

JAMES E. SURSELY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

James R. Barney, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC, argued for claimant-appellant. On the brief was Ronald L. Smith. Of counsel on the brief was Zachary M. Stolz, Chisholm, Chisholm & Kilpatrick, of Washington, DC.

Meredyth D. Cohen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

# United States Court of Appeals for the Federal Circuit

2008-7090

JAMES E. SURSELY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-2194, Judge Mary J. Schoelen.

_____

DECIDED:   January 7, 2009

_____

Before NEWMAN, PLAGER, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

Claimant-Appellant James E. Sursely appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") that denied his claim for two separate clothing allowances pursuant to 38 U.S.C. § 1162.  See Sursely v. Peake, 22 Vet. App. 21 (2007).  The central issue in this case is whether proper interpretation of the statute requires the Secretary of Veterans Affairs ("Secretary") to award more than one clothing allowance to a veteran suffering from multiple service-connected disabilities requiring multiple orthopedic appliances.  Because the Board and the Veterans Court incorrectly read the statute to preclude the Secretary from making more than one award, we reverse.

**BACKGROUND**

Mr. Sursely served on active duty from December 1966 to November 1969 in the Republic of Vietnam. On January 11, 1969, he "was hit by a land mine," which (among other injuries) required a left-hip disarticulation, an above-the knee amputation of his right leg, and an above-the-elbow amputation of his left arm. Mr. Sursely was retired from active duty due to permanent disability. On January 8, 1970, the Department of Veterans Affairs ("VA") awarded Mr. Sursely a 100% disability rating, found service connection, and awarded special monthly compensation pursuant to 38 U.S.C. § 314 (now 38 U.S.C. § 1114 (2006)).

The VA received Mr. Sursely's claim for two separate clothing allowances in March 2003. Mr. Sursely explained in his application that he "is entitled to an annual clothing allowance for [his] artificial arm, which is a prosthetic appliance that tends to wear and/or tear shirts. . . . In addition, Mr. Sursely qualifies for a separate clothing allowance based upon loss of both legs that requires the use of a wheelchair that tends to wear and/or tear pants."

The VA Regional Office ("RO") requested the Director of the Compensation and Pension Service ("Director") to provide an advisory opinion on whether § 1162, which authorizes annual payment to veterans whose disabilities require clothing-damaging orthopedic appliances, permitted more than one annual clothing allowance. The Director interpreted the statute to permit only a single allowance based primarily on § 1162's use of the phrase "<u>a</u> (emphasis added) clothing allowance." Jt. Appx. at 53. The Director also found support for this interpretation in the implementing regulation, 38

C.F.R. § 3.810, which "mirrored" the statutory language. Based on that interpretation, the RO denied Mr. Sursely's request for a second clothing allowance.

After Mr. Sursely appealed this determination, the Board stated

> The Board is sympathetic to the veteran's argument that he has separate and distinct service connected disabilities which require separate and distinct clothing allowances; however, the plain language of the statute and implementing regulation is that a single annual clothing allowance is payable. Accordingly, the veteran's claim must be denied for lack of legal merit.

Mr. Sursely appealed again to the Veterans Court, which again upheld the denial of benefits, on the grounds that "the statutory language in section 1162 clearly provides only one clothing allowance per eligible veteran." Sursely, 22 Vet. App. at 22. Mr. Sursely now appeals to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c) (2006).

## DISCUSSION

### I. Jurisdiction and Standard of Review

This court has exclusive jurisdiction to review appeals from the Veterans Court. 38 U.S.C. § 7292(c). Our jurisdiction is limited, however, depending on the matter reviewed. We lack jurisdiction to review factual determinations outside of constitutional claims, but can review questions of law. Id. at § 7292(d). The jurisdictional grant further distinguishes between statutory interpretation and regulatory interpretation. Id. We review the Veterans Court's interpretation of a statute de novo, Boggs v. Peake, 520 F.3d 1330, 1333 (Fed. Cir. 2008), but we can review the Secretary's regulations, and his interpretations of those regulations, only under a more deferential standard set out in the statute, 38 U.S.C. § 7292(d)(1).

This case presents a question of statutory, rather than regulatory, interpretation. The statute at issue in this appeal, § 1162, states that:

> The Secretary under regulations which the Secretary shall prescribe, shall pay a clothing allowance of $588 per year to each veteran who—
>
> (1) because of a service-connected disability, wears or uses a prosthetic or orthopedic appliance (including a wheelchair) which the Secretary determines tends to wear out or tear the clothing of the veteran; or
>
> (2) uses medication which
>     (A) a physician has prescribed for a skin condition which is due to a service-connected disability, and
>     (B) the Secretary determines causes irreparable damage to the veteran's outergarments.

38 U.S.C. § 1162 (2003).[1] The implementing regulation provides that "a veteran who has a service-connected disability . . . is entitled, upon application therefor, to an annual clothing allowance as specified in 38 U.S.C. 1162. The annual clothing allowance is payable in a lump sum, and [listed] eligibility criteria must also be satisfied." 38 C.F.R. § 3.810 (2008).

The Veterans Court determined that the relevant portion of the implementing regulation is "indistinguishable" from the statute with respect to the number of authorized clothing allowances, and we agree. Sursely, 22 Vet. App. at 27. As a result, the Director's opinion letter is appropriately reviewed not as an interpretation of the VA's own regulation—which would be accorded substantial deference under 38 U.S.C. § 7292(d)(1) and Auer v. Robbins, 519 U.S. 452, 461-63 (1997)—but rather as an

---

[1] An appliance that meets these statutory requirements shall hereinafter be referred to as a "qualifying appliance."

interpretation of the statute itself.[2]  See Gonzales v. Oregon, 546 U.S. 243, 257 (2006) ("[T]he existence of a parroting regulation does not change the fact that the question here is not the meaning of the regulation but the meaning of the statute.").

The government argues that the regulation itself constitutes an interpretation of the statute and that that interpretation is subject to Chevron deference.  See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).  This argument fails. The regulation uses the word "the" rather than the statute's "a" in reference to the term "clothing allowance."  Changing articles from "a" to "the" does nothing to resolve the question at issue, and does not reflect a deliberate effort to interpret the statute's meaning.

Consequently, the sole question presented for our review is one of statutory interpretation.  The Director's opinion is of course entitled to respect to the extent that it has the "power to persuade," Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944), but as discussed below we do not find his opinion persuasive.

## II.  Statutory Interpretation

"[T]he starting point in every case involving construction of a statute is the language itself."  Santa Fe Indus., Inc. v. Green, 430 U.S. 462, 472 (1977) (quotation marks omitted).  We interpret statutes "in accordance with [their] ordinary or natural

---

[2]       The government does not argue that the Director's opinion letter should receive deference under Chevron.  However, we note that, as a direct interpretation of the statute, the Director's opinion letter is not the type of formal exercise of delegated authority entitled to deference under Chevron.  See United States v. Mead Corp., 533 U.S. 218, 233-34 (2001) (noting that an agency determination issued without notice-and-comment rulemaking that was binding only on individual parties was not entitled to Chevron deference); Christensen v. Harris County, 529 U.S. 576, 587 (2000) (noting that "[i]nterpretations such as those in opinion letters . . . do not warrant Chevron-style deference").

meaning." Microsoft Corp. v. AT&T Corp., 550 U.S. 437, 127 S. Ct. 1746, 1755 (2007) (quotation marks omitted). "We must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law." Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 99 (1992) (quotation marks omitted); see also Splane v. West, 216 F.3d 1058, 1068 (Fed. Cir. 2000) ("We must construe a statute . . . to give effect and meaning to all its terms."). "If the statutory language is clear and unambiguous, the inquiry ends with the plain meaning." Myore v. Nicholson, 489 F.3d 1207, 1211 (Fed. Cir. 2007). In veterans benefits cases, "interpretive doubt is to be resolved in the veteran's favor." Brown v. Gardner, 513 U.S. 115, 118 (1994).

The Director, the Board, and the Veterans Court all emphasized that the statute authorizes "a clothing allowance," in the singular.[3] 38 U.S.C. § 1162 (emphasis added). Based on this phrasing, the VA determined that it was not statutorily authorized to pay more than one clothing allowance to Mr. Sursely and denied Mr. Sursely's request for a second clothing allowance for his independently qualifying orthopedic appliances affecting different articles of clothing. We disagree with this interpretation.

The United States Code provides very few intrinsic rules of construction. However, 1 U.S.C. § 1 (2006) provides that "unless the context indicates otherwise— words importing the singular include and apply to several persons, parties, or things; words importing the plural include the singular." As a result, it is impossible to determine the proper boundaries of the Secretary's authority pursuant to § 1162 with reference only to the singular nature of the indefinite article "a." Instead, a more

---

[3] All three also emphasized that the implementing regulation similarly refers to "[t]he clothing allowance," but as discussed above this simply paraphrases the statutory language—it does not interpret it. 38 C.F.R. § 3.810 (emphasis added).

thorough consideration of the statutory provision as a whole is required to provide the appropriate context. See, e.g., Pollard v. E. I. du Pont de Nemours & Co., 532 U.S. 843, 852 (2001) (reading the relevant statute as a whole to properly interpret a particular term within it).

In relevant part, the statute provides for "a clothing allowance" for "each veteran" who, "because of a service-connected disability, wears or uses a prosthetic or orthopedic appliance (including a wheelchair) which the Secretary determines tends to wear out or tear the clothing of the veteran." 38 U.S.C. § 1162. The key to clearly understanding the statute is the connection between the phrases "a clothing allowance" (setting out the benefit) and "a prosthetic or orthopedic appliance" (setting out the qualification for the benefit). This language is not a limitation, and does not expressly limit the veteran to a single clothing allowance. Instead, by linking receipt of the benefit to a single qualifying appliance, Congress recognized that multiple appliances might allow the award of multiple benefits.[4]

To the extent that the Veterans Court's contrary interpretation suggests ambiguity in the statute, two factors require us to resolve that ambiguity in Mr. Sursely's favor. First, the link between a single clothing allowance and a single qualifying appliance is supported by Congress's decision to amend the statute in 1989. See, e.g., Stone v. INS, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect."). As originally

---

[4]     Because the statute speaks in mandatory language, the Secretary is in fact required to pay multiple clothing allowances to a veteran who, as determined under the Secretary's regulations, uses multiple qualifying appliances. 38 U.S.C. § 1162 ("The Secretary . . . shall pay a clothing allowance" upon determining that the veteran qualifies (emphasis added)).

passed in 1972, the statute provided for a clothing allowance based on a disability necessitating the use of "a prosthetic or orthopedic appliance <u>or appliances</u>." Veterans' Compensation and Relief Act of 1972, Pub. L. No. 92-328, § 103, 86 Stat. 393, 394 (emphasis added). The reference to a single clothing allowance for veterans using multiple appliances in the 1972 version demonstrates that the original version did not permit a veteran to receive multiple allowances for multiple prosthetic appliances. The language of the 1972 statute would have supported the Secretary's position and the denial of Mr. Sursely's claim would have been proper.

In 1989, however, Congress amended the statute to <u>delete</u> the reference to multiple appliances. Veterans' Benefits Amendments of 1989, Pub. L. No. 101-237, § 112, 103 Stat. 2062, 2065. The present statute now provides for a clothing allowance based on a disability necessitating the use of "a prosthetic or orthopedic appliance." The amended language indicates that the statute no longer contemplates the payment of a single clothing allowance for the use of multiple appliances. By changing the qualification for a clothing allowance from single or multiple orthopedic appliances to only a single qualifying appliance, Congress evidenced a clear intent to provide additional benefits for those veterans such as Mr. Sursely who use multiple orthopedic appliances.

Second, in the face of statutory ambiguity, we must apply the rule that "interpretive doubt is to be resolved in the veteran's favor."[5] <u>Brown</u>, 513 U.S. at 118. Clearly it is more favorable to veterans if the clothing allowance may be awarded on a

---

[5] Because the Secretary has not provided an interpretation of the statute eligible for <u>Chevron</u> deference, we need not consider the applicability of <u>Sears v. Principi</u>, 349 F.3d 1326 (Fed. Cir. 2003), which properly urges caution when considering the meaning of a statute in light of both <u>Brown</u> and <u>Chevron</u>.

per-appliance, rather than a per-veteran basis.  Thus, even if the government's asserted interpretation of § 1162 is plausible, it would be appropriate under Brown only if the statutory language unambiguously permitted only one clothing allowance per veteran. As discussed above, the language at a minimum permits the reading whereby the benefit is linked to each qualifying appliance.  The rule in Brown therefore requires that expansive reading of the applicable statute.

In addition to its primary focus on the word "a" in the statute, the Veterans Court raised two additional points in support of its conclusion that the statute authorized a single annual clothing allowance, neither of which is persuasive.  First, the Veterans Court viewed the statute's applicability to prosthetic appliances or certain skin problems as evidence that only a single annual clothing allowance was authorized, but we disagree with its analysis.  It reasoned that because a veteran could qualify for a clothing allowance through use of a prosthetic appliance "or" through use of certain skin medications, "fulfilling the requirements of both subsections would not lead to any greater clothing allowance than fulfilling the requirements of one subsection because the statute authorizes the Secretary to pay 'a clothing allowance to each veteran' who satisfies the criteria of either subsection." Sursely, 22 Vet. App. at 25.  The conclusion does not follow from the premise.  The word "or" simply signifies that either a prosthetic appliance or a skin cream is sufficient to qualify for the allowance.  It implies nothing about whether, after the veteran has been awarded a clothing allowance based on a prosthetic appliance, the veteran can also be considered for a second clothing allowance based on a qualifying skin condition.  Thus, the existence of two sufficient qualifying conditions connected by the word "or" does not weigh for or against the

interpretation adopted by the Veterans Court, and therefore does not impact the statutory interpretation we adopt above.

Second, the Veterans Court rejected Mr. Sursely's proposed interpretation as "irrational" because it would permit a veteran with multiple prosthetic appliances affecting a single article of clothing to receive multiple clothing allowances. Sursely, 22 Vet. App. at 25-26. This is not an irrational result,[6] and in any case there is no statutory language that requires the Secretary to ignore the practical situation of the veteran applying for benefits. In other contexts, the VA has promulgated regulations that prevent "pyramiding" of disability ratings. See 38 C.F.R. § 4.14 (2008) ("The evaluation of the same disability under various diagnoses is to be avoided."). In general, this prevents a veteran from classifying a single injury in multiple categories and combining the resulting disability ratings. Esteban v. Brown, 6 Vet. App. 259, 261 (1994). In that context the question is whether the pertinent symptoms for each classification of the injury overlap. Id. at 262. If the Secretary believes that damage to a single garment resulting from multiple prosthetic appliances is "overlapping" in this manner, the appropriate procedure would be to promulgate regulations to that effect.

---

[6] If multiple prosthetic appliances affect the same garment, this might in some circumstances cause that garment to wear out faster than if affected by a single prosthetic appliance. In such cases, additional allowances would not be irrational at all.

**CONCLUSION**

Because the Veterans Court erroneously concluded that the statute prohibited the award of multiple clothing allowances to a veteran, we reverse and remand for a determination of whether Mr. Sursely qualifies for multiple clothing allowances under the statute as we have interpreted it.

**<u>REVERSED AND REMANDED</u>**

Costs to Appellant.