﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 191121-44920
DATE: December 31, 2019

ORDER

Entitlement to an effective date of March 1, 2019, but no earlier, for the award of additional dependent compensation for the Veteran’s spouse is granted. 

FINDING OF FACT

On June 24, 2019, and within one year of the February 27, 2019 rating decision, the RO received VA From 21-686c, Declaration of Status of Dependents, from the Veteran identifying his spouse.

CONCLUSION OF LAW

The criteria for an effective date of March 1, 2019, but no earlier, for the award of additional dependent compensation for the Veteran’s spouse have been met. 38 U.S.C. §§ 1115, 5101, 5110 (2012); 38 C.F.R. §§ 3.4, 3.31, 3.204, 3.400, 3.401 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

The administrative decision on appeal was issued in August 2019. In November 2019, the Veteran elected Direct Review under the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Board notes that the issues of entitlement to service connection for bilateral hearing loss, tinnitus, degenerative joint disease of the lumbosacral spine, right shoulder osteoarthritis, and hypertension are also on appeal to the Board and will be addressed in a separate decision.

Entitlement to an effective date prior to July 1, 2019 for the award of additional dependent compensation for the Veteran’s spouse.

The Veteran claims that an effective date prior to July 1, 2019 is warranted for the award of additional dependent compensation for his spouse. Specifically, he contends that his spouse should be added to his award effective February 28, 2005, the date his combined rating met or exceeded 30 percent. 

Veterans having a service-connected disability that is compensated at 30 percent or more may be entitled to additional compensation for each dependent. 38 U.S.C. § 1115. The effective date of such an award will be the latest of the following dates: (1) the date of claim; (2) the date the dependency arises; (3) the effective date of the qualifying disability rating provided evidence of dependency is received within a year of notification of such rating action; or (4) the date of commencement of the Veteran’s award. 38 C.F.R. § 3.401(b). 

The “date of claim” for additional compensation for dependents is the date of the Veteran’s marriage or birth/adoption of a child, if evidence of the event is received within a year of the event; otherwise, the date notice is received of the dependent’s existence, if evidence is received within a year of the VA request. 38 C.F.R. § 3.401(b)(1). An award of additional compensation on account of dependents based on the establishment of a disability rating in the percentage evaluation specified by law for the purpose shall be payable from the effective date of such rating; but only if proof of dependents is received within one year from the date of notification of such rating action. 38 U.S.C. § 5110(f).

The earliest that the additional award of compensation for a dependent spouse can occur is the first day of the month following the effective date. 38 C.F.R. § 3.31.

In Sharp v. Shinseki, 23 Vet. App. 267, 276 (2009), the Veterans Court held that entitlement to additional compensation for dependents is premised on any rating decision establishing compensation under § 1114 and rating the disability not less than 30 percent. The Court further held that the effective date for additional compensation for dependents shall be the same as the date of the rating decision giving rise to such entitlement, irrespective of any previous grant of § 1115 benefits, if proof of dependents is submitted within one year of notice of the rating action. While the Court held that there can be “multiple rating decisions that establish entitlement to additional dependency compensation,” the Court still required that proof of dependent status be submitted within one year of notice of rating action.

Turning to the evidence of record, in a January 1995 rating decision, the RO awarded service-connected benefits with a noncompensable rating. The RO continued a noncompensable rating in a February 2002 rating decision. In a June 2005 rating decision, the RO awarded service-connected benefits with a combined 20 percent rating, effective February 28, 2005. Because the Veteran had a combined rating of less than 30 percent, he was not entitled to additional compensation for dependents at the time the January 1995, February 2002, and June 2005 rating decisions were issued. 

In a January 2006 rating decision, the RO awarded service-connected benefits with a combined 40 percent rating, effective February 28, 2005, making the Veteran eligible to receive compensation for dependents. A January 2006 notification letter shows that the Veteran was informed that he was being paid as a single veteran with no dependents. VA Form 21-8767 (Disability Compensation Award Attachment – Important Information) was attached to the notification letter and contained additional information on factors concerning his benefits. 

A March 2006 rating decision denied service-connected benefits and an April 2006 letter informed the Veteran that his compensation payment would continue unchanged.

In a March 2016 rating decision, the RO awarded service-connected benefits with a combined 60 percent rating, effective December 30, 2015. A March 2016 notification letter shows that the Veteran was informed that he was being paid as a single veteran with no dependents. The letter notified the Veteran that he may be eligible for additional benefits based on dependency and that retroactive benefits could be paid if a dependency claim was submitted within one year and to notify the VA if he had any dependents.

In April 2018, the Veteran opted into the Rapid Appeals Modernization Program (RAMP) and a Higher Level Review rating decision was issued on February 27, 2019. A March 2019 notification letter shows the Veteran was informed that he was being paid as a single Veteran with no dependents and that he must notify the VA of any changes with his spouse or children. 

In March 2019, the Veteran expressed disagreement with the rate of his payment, noting that he had been married for nearly sixty years. 

On June 24, 2019, the Veteran submitted VA Form 21-686c (Application Request to Add and/or Remove Dependents), listing his spouse and the date of marriage in June 1961. 

In an August 2019 administrative decision, VA granted the Veteran’s claim for additional dependency, adding his spouse to his award effective June 24, 2019, the date he submitted the June 2019 dependency form, with additional compensation beginning July 1, 2019. 

In August 2019, the Veteran filed a supplemental claim for an earlier effective date for the award of additional dependent compensation for his spouse, indicating that he had reported his marriage on a December 1994 VA Form 21-526 (Veteran’s Application for Compensation or Pension).

In an October 2019 administrative decision, VA denied the Veteran’s claim for an earlier effective date, finding that the December 1994 VA Form 21-526 was received more than 8 years prior to the January 2006 notification letter granting the Veteran an overall 40 percent rating. Furthermore, VA did not receive any notification within one year of the January 2006 notification letter in order to add his dependents. 

After a review of all of the evidence, the Board finds that an effective date of March 1, 2019, but no earlier, is warranted for the award of additional compensation benefits for a dependent spouse.

Although the Veteran became eligible for additional compensation for dependents on February 28, 2005, the date his combined rating met or exceeded 30 percent, he did not put VA on notice that he had any dependents. Specifically, although the Veteran was notified that he was being paid as a single veteran with no dependents, VA did not receive notice of the status of the Veteran’s dependents within one year of the January 2006 notification letter. 

The Board acknowledges the Veteran’s contentions that he alerted VA as to his marital status in 1994. However, the Board finds that notice of the status of the Veteran’s dependents in 1994 does not necessarily support projection of that information forward or assumptions as to the status of his dependents a number of years later. In the intervening twelve-year time period, any number of events could have occurred which affected the number of dependents the Veteran had. 

The January 2006 notification letter informed the Veteran that the amount of his award was based upon a single veteran with no dependents, and that additional benefits for dependents was available. The January 2006 notification letter was sufficient to inform the Veteran that VA was not determining the status of any dependents he might have based on any earlier evidence, and that it was necessary for him to submit evidence as to his dependents.

The Board acknowledges a November 2019 statement from the Veteran’s spouse indicating the Veteran had surgery in 2006 and that he did not recall seeing the January 2006 letter. There is a presumption of administrative regularity in VA processes, procedures, and mailings, under which it may be assumed that VA has properly discharged its duties and responsibilities. See Ashley v. Derwinski, 2 Vet. App. 62, 64 (1992) (providing that the “presumption of regularity” applies to the official acts of public officers, and in the absence of clear evidence to the contrary, it must be presumed they have properly discharged their official duties). Although this presumption is rebuttable, to the extent that the Veteran or his spouse contends that he does not recall the January 2006 notification letter, the Veteran does not contest the receipt of the January 2006 letter and the presumption is not rebutted here. Specifically, the record provides no clear evidence of non-delivery, such as the January 2006 notification letter being returned to VA as undeliverable by the U.S. Postal Service and his statement that he does not recall seeing the January 2006 notification letter is not sufficient to rebut the presumption of regularity in this instance. See Mason v. Brown, 8 Vet. App. 44, 55 (1995) (“appellant’s statement of nonreceipt, standing alone, is not the type of ‘clear evidence to the contrary’ which is sufficient to rebut the presumption”). 

Regarding the possible effective dates delineated in 38 C.F.R. § 3.401(b), the claim for additional compensation for dependents (VA Form 21-686c) was received by VA on June 24, 2019. The date that dependency of his spouse arose was on June 1, 1961, the date of his marriage. Finally, the effective date of the combined 40 percent rating is February 28, 2005. The regulation provides that the effective date for additional compensation for a dependent will be the latest of the above listed dates. Accordingly, June 24, 2019, the date of receipt of dependency information (VA Form 21-686c) is the effective date for additional compensation under 38 C.F.R. § 3.401(b), to be paid the first day of the month following the effective date.

However, the Board notes that under Sharp v. Shinseki, 23 Vet. App. 267, 276 (2009), any rating decision establishing compensation and a rating disability not less than 30 percent can be the basis of an effective date for the award of additional compensation for dependents if proof of dependents is submitted within one year of notice of the rating action. While additional rating decisions were issued in March 2006 and March 2016, the evidence of record does not show that the Veteran notified VA of his dependents within one year of these rating decisions. 

Here, the Veteran submitted proof of dependent status within one year of the February 27, 2019 rating decision. Thus, an effective date for dependent compensation can be established based on the February 27, 2019 rating decision. 

As noted above, the earliest date that an award of additional compensation for dependents can occur is the first day of the calendar month following the month in which the award became effective. 38 C.F.R. § 3.31. Accordingly, an effective date of February 27, 2019, but no earlier, for the award of additional compensation for a dependent spouse is warranted, to be paid beginning March 1, 2019. 

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Owen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.