﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210405-150685
DATE: April 30, 2021

ORDER

Entitlement to an effective date earlier than March 11, 2020, for adding a spouse as a dependent, is denied. 

FINDINGS OF FACT

1. In May 2006 and November 2006 Forms VA 21-526: Veteran’s Application for Compensation, the Veteran noted that he was married, and he provided his wife’s full name, and the date and place of their marriage, but he did not disclose his spouse’s social security number.

2. In a March 2010 rating decision, the agency of original jurisdiction granted a combined, 40 percent disability rating, effective December 9, 2009, thereby making the Veteran’s spouse eligible for dependent, spousal benefits.

3. Although an April 2010 notification letter informed the Veteran that before VA could pay additional benefits for his dependent(s), the Veteran was required to first complete and submit a VA Form 21-686(c): Declaration of Status Dependents, the Veteran did not submit this form or provide requisite proof of his marriage within one year of the date of this notification letter.

4. On September 16, 2020, the Veteran submitted a VA Form 21-686(c): Declaration of Status of Dependents, which includes his spouse’s name, social security number, and the date and place of their marriage.

CONCLUSION OF LAW

The criteria for an entitlement to an earlier effective date for adding a spouse as a dependent have not been met. 38 U.S.C. §§ 1115, 5110, 5124; 38 C.F.R. §§ 3.204, 3.401.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1965 to June 1967.

The decision on appeal was issued in a March 2021 notification letter to the Veteran. 

In March 20201, the Veteran filed a request for a Higher-Level Review of his appeal, and he timely appealed the March 2021 decision in an April 2021 notice of disagreement (NOD), and requested a direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Therefore, the Board of Veterans’ Appeal (Board) must base its decision on the evidence that was before the AOJ at the time of the March 2021 AOJ decision. 38 C.F.R. § 20.300.

EARLIER EFFECTIVE DATE FOR ADDING F.K. AS A DEPENDENT SPOUSE

The Veteran asserts that that he is entitled to an effective date, earlier than March 11, 2020, for the award of dependent, spousal benefits. He explains that he has been married for thirty-eight years, and that since he was granted a 40 percent combined disability, effective December 9, 2009, this date should be the effective date of an eligibility for spousal benefits. See e.g. April 2021 NOD.

Pertinent to this case, a veteran who is entitled to compensation, with a disability that is rated at no less than 30 percent, shall be entitled to additional compensation for dependents, including a spouse. See 38 U.S.C. § 1115; 38 C.F.R. § 3.4(b)(2). Further, the effective date for additional compensation for a dependent, spouse, will be the latest of the following: (1) the date of the claim; (2) the date the dependency arises; (3) the effective date of the qualifying disability rating, provided evidence of dependency is received within one year of notification of such rating action; or (4) the date of commencement of veteran’s award. 38 C.F.R. § 3.401(b).

The “date of claim” for additional compensation for a dependent is the date of the veteran’s marriage or birth/adoption of a child, if evidence of the event is received within a year of the event; otherwise, the “date of claim” is the date VA receives notice of the dependent’s existence, if evidence is received within a year of notification of such rating action. 38 U.S.C. § 5110; 38 C.F.R. § 3.401.

The earliest date that an additional award of compensation for dependents may occur is the first day of the calendar month following the month in which the award became effective. 38 C.F.R. § 3.31.

In Sharp v. Shinseki, 23 Vet. App. 267, 276 (2009), the United States Court of Appeals for Veterans Claims (CAVC) held that the effective date for additional compensation for dependents shall be the same date as the rating decision giving rise to such entitlement, irrespective of any previous grant of section 1115 benefits, if proof of a dependent is submitted within one year of notice of the rating action. Although CAVC held that there can be “multiple rating decisions that establish entitlement to additional dependency compensation,” it still required that proof of dependent status be submitted within one year of notice of rating action. Id. 

For purposes of determining eligibility for benefits, VA will accept the claimant’s statements as proof of marriage, provided that the statement contains: the date (month and year) and place of the event; the full name and relationship of the other person to the claimant; and the social security number of the other person. 38 U.S.C. § 5124; 38 C.F.R. § 3.204.

The Veteran has been rated for his combined service-connected disabilities at a rating in excess of 30 percent (specifically, 40 percent), effective December 9, 2009. See March 2010 Rating Decision Code sheet. 

In an April 2010 notification letter to the Veteran, the AOJ informed the Veteran that before VA could pay additional benefits for his dependent(s), the Veteran was required to first complete and submit a VA Form 21-686(c): Declaration of Status Dependents (application for dependent benefits). However, the Veteran did not submit the requested form until September 16, 2020.

In considering the Veteran’s assertions, that the effective date of his claim should be December 9, 2009, the Board clarifies that while VA has never questioned the validity or the effective date of the Veteran’s marriage by any means, the precise issue, in addressing these assertions, pertains to whether the Veteran submitted proof of his marriage to F.K., within the requisite one year period of the April 2, 2010 notification letter. 

To this end, and as the Veteran accurately indicated, the Board confirms that the Veteran’s spouse, F.K, was eligible for spousal benefits, as a dependent, effective December 9, 2009, because the RO granted the Veteran a combined, 40 percent disability rating. However, the Board finds that the evidence does not show, at the very least, that the Veteran submitted, as proof of marriage, statements indicating that F.K. is his spouse, to include the date and place of their marriage, her full name, and her social security number, within the one year requisite time period of this April 2, 2010 notification letter. Although a September 2007 treatment record, which VA received, as evidence, in March 2010, clearly indicates that F.K. is a designated emergency contact, and she is listed as his wife, with respect to her relationship to the Veteran, the requisite details, to include the date and place of marriage, and her social security number is not documented. Therefore, this evidence does not sufficiently constitute as proof of marriage. Therefore, an earlier, effective date of December 9, 2009 is not warranted.

The Veteran also asserts that VA validated his eligibility for compensation when he filed a claim for compensation on November 29, 2006, because he stated that he was married. See April 2021 NOD. 

Although the Veteran disclosed that he was married in his May 2006 and November 2006 claims for compensation, he did not disclose all of the pertinent information about his wife, and specifically, her social security number. 38 C.F.R. § 3.216 dictates that the social security number of any dependent or beneficiary be furnished as a condition for receipt of benefits. 

 Further, while the Board acknowledges that the Veteran alerted VA about his marital status, said notice does not mean, and the Board cannot assume, that this information did not change nearly four years later, in April 2010, given that in the intervening subsequent years after these May 2006 and November 2006 claims, a series of events could have occurred to impact the marital status of the Veteran, such as for example, separation or divorce. 

The Veteran also asserts that VA never sent him a notice, informing him that his wife was eligible for spousal benefits until 2020. See March 2021 Correspondence. However, as noted above, the evidence reflects that the AOJ dispatched an April 2, 2010 notification letter to the Veteran, informing him that before VA could pay additional benefits for his dependent(s), he was required to first complete and submit an application for dependent benefits. 

Nonetheless, in the absence of clear evidence to the contrary, the AOJ’s actions are entitled to a presumption of regularity, and there is a presumption that the AOJ has clearly discharged its duties. See Ashley v. Derwinski, 2 Vet. App. 62, 64 (1992); see also Mindenhall v. Brown, 7 Vet. App. 271, 274 (1994). Here, the evidence does not suggest that the Veteran did not receive this April 2, 2010 correspondence, as there is no indication that this correspondence was sent back to VA, as returned or undeliverable mail. The Veteran’s “statement of non-receipt, standing alone, is not the type of ‘clear evidence to the contrary’ which is sufficient to rebut the presumption of regularity of the notice.” Mindenhall, 7 Vet. App. 274. Pertinently, the evidence reflects that the AOJ sent this April 2, 2010 notification letter to the same address as the return address the Veteran used to contact VA, seven years later. See April 2, 2010 Notification Letter, compared to January 2017 Correspondence. Thus, with no evidence to the contrary, the Board presumes that the AOJ duly dispatched the April 2, 2010 notification letter to the Veteran’s correct, verified address of record in April 2010. 

The Board has also considered whether an effective date, earlier than March 11, 2020, but later than December 9, 2009, is warranted for this claim.

To reiterate, the effective date for additional compensation for a dependent, spouse, will be the latest of the following: (1) the date of the claim; (2) the date the dependency arises; (3) the effective date of the qualifying disability rating, provided evidence of dependency is received within one year of notification of such rating action; or (4) the date of commencement of veteran’s award. 38 C.F.R. § 3.401(b). 

As noted above, the Veteran filed his application for spousal benefits on September 16, 2020. A few months prior to this date, the Veteran’s wife, F.K., submitted a statement about the duration of her marriage to the Veteran. See March 11, 2020 Statement in Support of Claim. Thus, for the first time in the procedural history of this matter, VA collectively received a statement about the Veteran’s marriage and subsequently, a few months later, the requisite proof of his marriage, to include his spouse’s full name, the date and place of their marriage, and his spouse’s social security number, in the September 2020 application for dependent benefits, within a one-year time frame. Relative to this claim, a September 2020 rating decision granted an increased rating for the Veteran’s erectile dysfunction (ED), effective March 11, 2020, as this was the date the AOJ received the Veteran’s increased rating claim for ED. Therefore, the Board finds that these series of procedural events, from March 2020 to September 2020, collectively constitute as “the effective date of [a] qualifying disability rating, [in which] evidence of dependency is received within one year of notification of [this ED disability] rating action”, under 38 C.F.R. § 3.401(b)(3).

While the September 16, 2020 date of the claim for dependent benefits is a later date than the September 4, 2020 notification date of the rating action for the increased rating claim for ED, the RO established the effective date of the award of the dependent, spousal benefits as March 11, 2020, rather than September 16, 2020. As doing so did not prejudice the Veteran, but rather, is favorable to his claim for dependent, spousal benefits, the Board shall not disturb this decision. 

As noted above, an earlier effective date of December 9, 2009 is not warranted for this claim. Additionally, the evidence does not show that the Veteran filed a claim for dependent spousal benefits at any time prior to September 16, 2020, as the complete, executed September 16, 2020 VA Form 21-686(c): Declaration of Status of Dependents is the only completed document that has been associated with the claims file; and there is nothing in the claims that purports to be proof of the Veteran’s marriage, pursuant to VA law, as indicated above, to warrant an earlier effective date at any time between December 10, 2009 and March 10, 2020. Thus, entitlement to an effective date, earlier than March 11, 2020 must be denied. 

 

 

M. Tenner

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board V-N. Pratt

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.