# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 10-1554

Mariella B. Mason, Appellant

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued April 10, 2012)                                        Decided July 31, 2012)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Thomas E. Sullivan*, Senior Appellate Attorney, with whom *Will A. Gunn*, General Counsel, *R. Randall Campbell*, Assistant General Counsel, and *Gayle E. Strommen*, Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, *Chief Judge*, and MOORMAN and DAVIS, *Judges*.

MOORMAN, *Judge*: On July 18, 2012, Mariella B. Mason, the surviving spouse of Kenneth B. Mason, Esq., was granted leave by this Court to substitute as the appellant in this case. She now continues, through counsel, Mr. Mason's appeal of a January 13, 2010, Board of Veterans' Appeals (Board) decision that determined that Mr. Mason had failed to file a timely Notice of Disagreement (NOD) with respect to VA's denial of his entitlement to attorney fees. *See* Record (R.) at 3-8.

The fundamental issue in this case is whether VA may consider an attorney-fees determination to be a "simultaneously contested claim" subject to a 60-day NOD filing period under 38 U.S.C. § 7105A. The Court holds that VA's application of section 7105A to an attorney-fees determination is permissible under the Secretary's regulatory interpretation that an attorney-fees determination constitutes a simultaneously contested claim.

## I. FACTS

In July 1999, attorney Mason and veteran Phillip C. Corbin executed a representation agreement that directed VA "to withhold twenty percent (20%) of past due benefits payable to [veteran] and pay such amount to [Mr. Mason] as [an] attorney's fee." R. at 493-94. Mr. Mason sent VA a copy of his fee agreement with veteran Phillip C. Corbin. R. at 495; *see* R. at 493-94 (fee agreement also stating that VA "shall NEVER contact [the veteran] directly regarding attorney's fee in general or regarding this fee agreement in particular"). In September 2005, the VA regional office (RO) granted entitlement to individual unemployability, effective October 31, 2000, and sent notice of its decision to Mr. Corbin. R. at 146-49, 150-57.

On November 8, 2005, and again on November 30, 2005, the RO sent letters to Mr. Corbin and Mr. Mason (with a benefits audit correction in the second letter), providing notice that Mr. Mason was not eligible for attorney fees, but that 20% of Mr. Corbin's past-due benefits award for individual unemployability, in the amount of $11,806.39, had to be withheld until the appeal period concluded. R. at 49-51, 75-78. Both notice letters stated:

> If you disagree with this determination, you may file a notice of disagreement (NOD). An NOD is a letter telling this office that you disagree with the decision. To initiate appellate review, an NOD must be filed with this office within 60 days after the date of this letter. Since there is more than one party who may claim entitlement to the money being withheld as attorney fees in this case, the provisions relating to simultaneously contested claims are being applied. See 38 USC § 7105A.

R. at 50, 76. In addition, an Attorney Fee Eligibility Decision was provided, stating that Mr. Mason did not meet the first condition for attorney fees under the then-current 38 C.F.R. § 20.609(c)(1), because there was no final Board decision regarding individual unemployability.[1] R. at 77; *see* 38 C.F.R. § 20.609(c)(1)(i) (2005).

On February 6, 2006, Mr. Mason faxed his NOD to VA. R. at 134. On February 21, 2006, VA informed Mr. Mason that his NOD was not being accepted because it was untimely and should have been filed by January 30, 2006. R. at 132-33. Two days after VA's determination, Mr. Corbin discharged Mr. Mason as his representative. R. at 131.

---

[1] 38 C.F.R. § 14.636(c)(2) (2012) includes the language of former § 20.609(c)(1)(i) and explains that such language applies to "cases in which a Notice of Disagreement was filed on or before June 19, 2007."

2

On June 5, 2006, VA received a statement in support of claim from Mr. Corbin explaining, in pertinent part:

> My attorney Mr. Kenneth B. Mason knew nothing about me applying for un[e]mployability until you (VA) informed him with the same letter you sent me, dated [N]ovember 30, 2005. Your letter stated that a notice of disapproval [sic] must be filed with your office within 60 days from the date of your letter. It has been 180 days since I received your letter. Please inform me why I have not received the rest of my award. A copy of your letter is enclosed. Thank you for your time, work and consideration.

R. at 101.

On January 7, 2008, VA sent a Statement of the Case (SOC) to Mr. Corbin and Mr. Mason, explaining that an untimely NOD had been filed by Mr. Mason in response to the VA decision to deny payment of attorney fees. R. at 52-73. Subsequently, the Board issued the decision on appeal, concluding that, as a matter of law, Mr. Mason failed to file a timely NOD within 60 days of the VA decision denying entitlement to attorney fees. R. at 4-5 (citing 38 U.S.C. § 7105A(a)). The Board explained that

> [w]hen appealing a simultaneously contested claim, the submission of notice of disagreement must be within 60 days from the date that the agency mails notice of the adverse action to the claimant. 38 U.S.C.A. § 7105A(a); 38 C.F.R. § 20.501(a). A "simultaneously contested claim" is defined as a claim where one claim is allowed and one is rejected. 38 U.S.C.A. § 7105A. A "simultaneously contested claim" is further defined as the situation in which the allowance of one claim results in the disallowance of another claim involving the same benefit or the allowance of one claim results in the payment of a lesser benefit to another claimant. 38 C.F.R. § 20.3(p).

> The appellant argues that his claim for attorney fees is not a "simultaneously contested claim" because the November 8, 2005, and November 30, 2005, notifications denying his entitlement to attorneys fees did not "allow one claim and reject another claim." Rather, he argues that the determination of whether an attorney meets the criteria for attorney fees is a matter that is purely administrative and does not involve a contested claim for benefits. Therefore, the appellant argues that the regulations under 38 U.S.C.A. § 7105, which allow for a notice of disagreement to be filed within one year from the date of mailing of notice of the result of initial review or determination, should instead apply. 38 U.S.C.A. § 7105(b)(1).

> However, the Board finds that this case does present a simultaneously contested claim, because the allowance of the appellant's claim could result in a loss of benefits

3

to the Veteran because the Veteran would not received [sic] any withheld portion of retroactive benefits for TDIU [(total disability due to individual unemployability)]. The Board finds that this is a situation where one claim is allowed and one is rejected, leading to the payment of a lesser benefits[sic] to the Veteran if the appellant's claim is allowed. Therefore, the Board finds that the claim for attorney fees constitutes a contested claim. 38 U.S.C.A. § 7105A[ ]; 38 C.F.R. § 20.3(p).

R. at 5-6.

## II. ANALYSIS

The appellant argues that the Board erred as a matter of law when it applied 38 U.S.C. § 7105A—requiring an NOD to be filed within 60 days of the date notice of an adverse decision is mailed in a simultaneously contested claim—instead of 38 U.S.C. § 7105, which allows a claimant to file an NOD within one year from the date the notice of an initial review or determination is mailed. Incorporating the facts of this case into the appellant's argument, she is asserting that the Board incorrectly determined the appeal period for withholding 20% of a veteran's past-due benefits should be 1 year instead of 60 days because her husband made no "claim" for the direct payment of a contingency fee and the attorney-fees eligibility determination was not "simultaneously contested." *See* Appellant's (App.) Brief (Br.) at 6-7. For the following reasons, the Court holds that VA reasonably concluded that an attorney-fees determination constitutes a simultaneously contested claim under section 7105A and VA regulations, and the Board's decision will be affirmed.

### A. Statutory Interpretation

When a court reviews an agency's construction of a statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. . . . [I]f the statute is silent or ambiguous with respect to the specific issue, the question for the Court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). "[W]here the meaning of a statutory provision is ambiguous, we must take care not to invalidate otherwise reasonable agency regulations simply because they do not provide for a pro-claimant outcome in every imaginable case." *Sears v. Principi*, 349 F.3d 1326, 1331-32 (Fed. Cir. 2003) (considering *Brown v. Gardner*, 513 U.S. 115, 118 (1994)).

"The Court reviews the interpretation of statutes and regulations de novo." *Bradley v. Peake*, 22 Vet.App. 280, 290 (2008). "Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute." *Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) (citing *Bethesda Hosp. Assn. v. Bowen*, 485 U.S. 399, 403-405 (1988)), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd sub nom. Brown v. Gardner*, 513 U.S. 115 (1994). The cardinal rule is to read the statute as a whole, because the meaning of statutory language, plain or not, depends on context. *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991). A statute should be construed to give effect to all its provisions, "'so that no part will be inoperative or superfluous, void or insignificant.'" *Corley v. U.S.*, 556 U.S. 303, 314 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)). But, when the language of the statute is transparent and its meaning is clear, there is nothing to construe. *Lewis v. U.S.*, 92 U.S. 618, 621 (1875).

Under the statutory provisions of title 38 of the United States Code, only sections 7105 and 7105A dictate the timeliness of an NOD filed for Board review of an adverse VA determination.

Pursuant to 38 U.S.C. § 7105(b)(1):

> Except in the case of simultaneously contested claims, notice of disagreement shall be filed within one year from the date of mailing of notice of the result of initial review or determination. Such notices, and appeals, must be in writing and be filed with the activity which entered the determination with which disagreement is expressed (hereinafter referred to as the "agency of original jurisdiction"). A notice of disagreement postmarked before the expiration of the one-year period will be accepted as timely filed.

The plain language of section 7105(b)(1) does not indicate whether an attorney-fees determination is subject to the one-year NOD filing period or should be considered a simultaneously contested claim.[2] Nor does reading the statute as a whole clarify its potential application to attorney-fees determinations. Instead, the language suggests troubling results might be encountered if the Court were to accept the appellant's argument that an attorney-fees determination should be construed under section 7105. For instance, given that Mr. Mason was released as Mr. Corbin's representative

---

[2] To the extent that the appellant asserts that an attorney-fees determination is not a "claim," her counsel fails to provide any statutory support for such a contention. *See* App. Br. at 5-9; App. Reply Br. at 1-11. Instead the appellant's counsel appears to interpret the United States Code using VA's regulatory definitions, while simultaneously asserting that the plain language of 7105A "is not ambiguous as such." App. Br. at 3-12. The Court declines to reinterpret the well-established canons of statutory and regulatory construction, which will be followed herein.

on February 23, 2006, if VA had been made aware of this change in representation and had applied section 7105(d)(3) to the attorney-fees determination, Mr. Mason may not have been entitled to receive the January 7, 2008, SOC and pursue an appeal, unless he were considered to be a claimant himself.[3] *See* 38 U.S.C. § 7105(d)(3); R. at 131. And if Mr. Mason had been considered a claimant, under the facts of this case, section 7105(d)(3) would have provided that Mr. Mason, but not necessarily Mr. Corbin, receive an SOC and have the opportunity to appeal the adverse Board determination. *Id.* Although these incongruous hypothetical outcomes do not dictate the course of the Court's de novo statutory review, they emphasize the lack of guidance in section 7105 in regard to attorney-fees determinations.

Turning to the second statutory section, 38 U.S.C. § 7105A states:

(a) In simultaneously contested claims where one is allowed and one rejected, the time allowed for the filing of a notice of disagreement shall be sixty days from the date notice of the adverse action is mailed. In such cases the agency of original jurisdiction shall promptly notify all parties in interest at the last known address of the action taken, expressly inviting attention to the fact that notice of disagreement will not be entertained unless filed within the sixty-day period prescribed by this subsection.

The plain language of section 7105A(a) also fails to indicate whether an attorney-fees determination is subject to the 60-day filing period, explaining only that simultaneously contested claims are "where one is allowed and one rejected." 38 U.S.C. § 7105A(a). However, read as a whole, the language of section 7105A suggests that its purpose is to allow for notice to be provided to all parties

---

[3] Under 38 U.S.C. § 7105(d)(3):
Copies of the "statement of the case" prescribed in paragraph (1) of this subsection will be submitted to the claimant and to the claimant's representative, if there is one. The claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown. The appeal should set out specific allegations of error of fact or law, such allegations related to specific items in the statement of the case. The benefits sought on appeal must be clearly identified. The agency of original jurisdiction may close the case for failure to respond after receipt of the statement of the case, but questions as to timeliness or adequacy of response shall be determined by the Board of Veterans' Appeals.

in interest when a VA determination is contested. *Compare* 38 U.S.C. § 7105A(b), *with* 38 U.S.C. § 7105(d)(3).[4]

The appellant argues that Mr. Mason should have had one year to file his NOD under section 7105, because filing a copy of his fee agreement with VA did not constitute the filing of a "claim"; thus, the attorney fees eligibility determination cannot be considered a simultaneously contested claim under section 7105A. App. Br. at 6-12. This argument is unpersuasive because section 7105 also was written to apply to a "claim" and section 7105A cannot be distinguished on that basis. For example, section 7105(c) states: "If no notice of disagreement is filed in accordance with this chapter within the prescribed period, the action or determination shall become final and *the claim* will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with this title." (Emphasis added). Therefore, the statutory use of the word "claim" is not dispositive in determining whether section 7105 should be applied to an attorney-fees determination instead of section 7105A.

In sum, review of sections 7105 and 7105A indicates that Congress has not directly spoken to the precise question of whether an attorney-fees determination constitutes a simultaneously contested claim. Therefore, the Court holds that the language of sections 7105 and 7105A does not provide clear guidance in regard to the filing of an NOD after an attorney-fees determination. The broad language of section 7105A(a), considered in conjunction with section 7105(b)(1), results in a statutory gap permitting VA to specifically determine which categories of disputes might constitute simultaneously contested claims. *See* 38 U.S.C. §§ 7105(b)(1), 7105A(a); *see also Chevron*, *supra*.

B. Regulatory Interpretation

*1. Plain Language*

---

[4] 38 U.S.C. § 7105A(b) states:

Upon the filing of a notice of disagreement, all parties in interest will be furnished with a statement of the case in the same manner as is prescribed in section 7105. The party in interest who filed a notice of disagreement will be allowed thirty days from the date of mailing of such statement of the case in which to file a formal appeal. Extension of time may be granted for good cause shown but with consideration to the interests of the other parties involved. The substance of the appeal will be communicated to the other party or parties in interest and a period of thirty days will be allowed for filing a brief or argument in answer thereto. Such notice shall be forwarded to the last known address of record of the parties concerned, and such action shall constitute sufficient evidence of notice.

When interpreting a VA regulation, the Court first reviews the plain language, and if it is ambiguous, turns to consider the reasonableness of the Secretary's regulatory interpretation. *Meedel v. Shinseki*, 23 Vet.App. 277, 280-81 (2009). The implementing regulation for section 7105A states: "In simultaneously contested claims, the Notice of Disagreement from the person adversely affected must be filed within 60 days from the date of mailing of the notification of the determination to him or her; otherwise, that determination will become final." 38 C.F.R. § 20.501(a) (2012). Parroting the language of section 7105A, this regulation understandably fails to resolve the question of whether an attorney-fees determination should be considered a simultaneously contested claim. *See* 38 U.S.C. § 7105A(a); *see also Sursley v. Peake*, 551 F.3d 1351, 1354-55 (Fed. Cir. 2009) (noting that the relevant portion of an implementing regulation that is indistinguishable from the statute does not afford VA's interpretation of the regulation any deference); *Sharp v. Shinseki*, 23 Vet.App. 267, 275 (2009) ("Deference to the regulation that offers no additional clarity to the interpretive issue would be inappropriate.").

However, § 20.501(a) is not the only relevant regulation in this case. *See* 38 C.F.R. § 14.636(k) (2012) (discussing the payment of fees for representation by agents and attorneys in proceedings before agencies of original jurisdiction and the Board: "Notwithstanding provisions in this section for closing the record . . . appeals shall be initiated and processed using the procedures in 38 CFR Parts 19 and 20."). According to the Board's Rules of Practice under 38 C.F.R. § 20.3(p) (2012), a simultaneously contested claim "refers to the situation in which the allowance of one claim results in the disallowance of another claim involving the same benefit or the allowance of one claim results in the payment of a lesser benefit to another claimant." *See* 38 U.S.C. § 501(a). The latter language of this regulation—"the allowance of one claim results in the payment of a lesser benefit to another claimant"—evidences VA's interpretation of section 7105A, in that it clarifies the types of situations that may constitute simultaneously contested claims. *Compare* 38 C.F.R. § 20.3(p), *with* 38 U.S.C. § 7105A(a).

The Court finds that § 20.3(p) is interpretative of section 7105A, and we discern no argument or persuasive evidence that § 20.3(p) is arbitrary, capricious, or manifestly contrary to sections 7105 and 7105A(a). *See Chevron*, 467 U.S. at 843-44. Unfortunately, the definition provided under § 20.3(p) still leaves the pertinent inquiry unresolved on its face, in that the regulation does not

explicitly address attorney-fees determinations. Under such circumstances, the Court must determine the reasonableness of the Secretary's interpretation of § 20.3(p). *See* 38 U.S.C. § 7261(a)(1); *Meedel*, *supra*.

### 2. Secretary's Interpretation of Regulation

Deference is afforded to an agency's interpretation of its own regulation, as long as that interpretation is not "'plainly erroneous or inconsistent with the regulation.'" *Smith v. Nicholson*, 451 F.3d 1344, 1349-50 (Fed. Cir. 2006) (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 415 (1945)); *see Meedel*, 23 Vet.App. at 281; *Johnson v. Brown*, 7 Vet.App. 95, 99 (1994). An agency's interpretation of its regulations does not require the same observance of formalities as when an agency interprets a statute; even if VA's fair and considered judgment on the matter in question is only reflected in litigating documents, it must be afforded deference. *See Reizenstein v. Shinseki*, 583 F.3d 1331, 1335 (Fed. Cir. 2009); *Smith*, 451 F.3d at 1351.

The Secretary argues that "a request for direct payment by the Secretary of attorney fees out of a past due benefit award is indeed a claim for benefits," and that an attorney-fees eligibility determination implicates a situation in which the "'allowance of one claim results in the payment of a lesser benefit to another claimant.'" Secretary's Br. at 9 (quoting 38 C.F.R. § 20.3(p)). As applied to the facts of this case, the Secretary's interpretation advances the notion that Mr. Mason's fee agreement constituted an informal application for a percentage of any resulting past-due benefits awarded to Mr. Corbin; thus, Mr. Mason met the requirements of filing a "claim" under circumstances giving rise to a "simultaneously contested claim." 38 C.F.R. §§ 20.3(f), (p).

An attorney-fees determination begins with the filing of a fee agreement, which may provide for the payment of attorney fees out of an award of past-due benefits. *See* 38 U.S.C. § 5904(c)(2) (attorneys "shall file a copy of any fee agreement . . . with the Secretary"), (d); 38 C.F.R. § 14.363(e), (h)(4). Thus, the Secretary's interpretation that a fee agreement filing constitutes a claim for benefits is not inconsistent with the broad definition of a claim as an "application made under title 38, United States Code, and implementing directives for entitlement to Department of Veterans Affairs benefits or for the continuation or increase of such benefits, or the defense of a proposed agency adverse action concerning benefits." 38 C.F.R. § 20.3(f); *see* 38 C.F.R. § 14.636(k). Indeed, the courts have frequently referred to an attorney-fees determination as a "claim." *See Stanley v. Principi*, 283 F.3d

9

1350, 1359 (Fed. Cir. 2002) ("Since there had been no final decision in the initial proceedings with respect to the TDIU claim, which would be appealable to the Court of Appeals for Veterans Claims, there can be no claim for attorneys' fees for the period before such a final decision."); *Snyder v. Gober*, 14 Vet.App. 154, 165 (2000) ("[T]he Court is directing the Board to send the direct-payment claim back to the RO as to representation before both VA and the Court. Hence, that claim will then be pending before the RO, as to ***both*** fee agreements." (emphasis in original)); *Scates v. Gober*, 14 Vet.App. 62, 65 (2000) ("The matter of attorney fees remains pending before the Secretary by virtue of the fee agreement filed in this case. After notice to the appellant and intervenor, and an opportunity to be heard, that claim should be decided by the RO."), *aff'd as modified sub nom.*, *Scates v. Principi*, 282 F.3d 1362 (Fed. Cir. 2002).

The Secretary formalized his interpretation in the *VA Adjudication Procedures Manual*, M21-1MR, pt. III, subpt. vi., ch. 6, § A.1.e ("Claims Involving Attorney Fee Withholding . . . The failure to withhold 20 percent of past due benefits and the denial of payment of such claims . . . should be handled as a contested claim due to the possibility that VA may be required to attempt to collect fees paid to the attorney from the claimant."), and there is no doubt it reflects the agency's fair and considered judgment on the matter in question. Further, the Secretary's regulatory interpretation is not inconsistent with other VA regulations, including the definitions of "benefit," "claimant," and "past-due benefits" under § 20.3, or the rules for the payment of fees by agents and attorneys in proceedings before agencies of original jurisdiction and the Board under § 14.363. *See* 38 C.F.R. §§ 14.363, 20.3(e), (f), (g), and (n); *see also* 38 U.S.C. §§ 7015, 7105A, 5904. Although the appellant asserts that the definition of a claim under 38 C.F.R. § 3.1(p) is paramount when reviewing the Secretary's regulatory interpretation, the Court disagrees, because the word "claim" is separately defined under § 20.3(p) specifically for the Board's rule of practice. *See* App. Br. at 6; *cf.* 38 C.F.R. § 14.636(k); *compare* 38 C.F.R. § 3.1(p) ("Claim – Application means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit."), *with* 38 C.F.R. § 20.3(p). Regardless, under either definition, it is not plainly erroneous or inconsistent for the Secretary to interpret the filing of an attorney-fees application as constituting a claim, whether formal or informal, for a portion of past-due VA benefits.

10

Further, the Court notes the appellant's unsupported assertion that "[t]he process of determining an attorney's eligibility to lawfully charge and receive a fee is a ministerial function of the VA." App. Br. at 6-7. However, "[t]he agency of original jurisdiction's [attorney fees] eligibility determination is a *final adjudicative action* and may be appealed to the Board." 38 C.F.R. § 14.636(c)(3) (emphasis added); *see also* 38 C.F.R. § 14.636(i). Therefore, the appellant's assertion is unpersuasive. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) ("An appellant bears the burden of persuasion on appeals to this Court."), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table); *see also Scates*, 282 F.3d at 1365 ("According to Mason, only the 'ministerial' act of paying him the withheld money remains to be done to complete the resolution of this attorney fee dispute. . . . Mason's attorney fee claim cannot be disposed of so simply and easily.").[5]

Additionally, the Secretary's interpretation is most favorable to veterans, who should not have any percentage of their past-due benefits withheld for an entire year merely to allow an attorney—supposedly well-versed in veterans law—an additional 305 days to file an NOD. *See Gardner*, *supra*; 38 C.F.R. § 20.3(p); *compare* 38 U.S.C. § 7105, *with* 38 U.S.C. § 7105A. Granted, accepting the Secretary's interpretation also means that veterans disputing attorney-fees determinations must adhere to the 60-day NOD filing period, but because a percentage of their past-due benefits is withheld until the appeal period passes, veterans have every impetus to act expeditiously in this narrow exception to the one-year filing rule. *Cf.* 38 U.S.C. § 7105A(b); R. at 49-50, 52-53 (notice provided to both the veteran and Mr. Mason that they could appeal the attorney fee eligibility decision within 60 days). By requiring fee disputes to be raised within 60 days, the Secretary's regulation reduces uncertainty for both sides in the attorney-client relationship, which encourages attorneys to offer their services to veterans and veterans to accept them. To the extent that the appellant contends it is the Board's interpretation of an attorney-fees determination as a simultaneously contested claim that diminishes the attorney-client relationship, such a contention is unpersuasive, particularly given that the Federal Circuit previously explained to Mr. Mason:

---

[5] For reasons unknown to this Court, the appellant's counsel failed to cite to the United States Court of Appeals for the Federal Circuit's decision involving Mr. Mason as a party in that attorney fees determination case. *Cf.* U.S. VET. APP. R. ADM. & PRAC. 4(a); MODEL RULES OF PROF'L CONDUCT R. 3.3(a) (Candor Toward the Tribunal) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; . . . ") (2009).

Mason contends that the Veterans Court improperly authorized his former client Scates to participate in the Regional Office proceedings to determine Mason's right to a fee. Scates, however, has a substantial, immediate and direct financial interest in the attorney fee claim, since the Department's payments to Mason will be made from the twenty percent of Scates' accrued benefits that the Department withheld for that purpose. If less than the twenty percent is paid to Mason, presumably the balance will be paid to Scates.

*Scates*, 282 F.3d at 1369.

### III. CONCLUSION

After consideration of the appellant's and the Secretary's arguments and briefs, and a review of the record, the Court holds that the Secretary's interpretation of an attorney-fees determination as being "the allowance of one claim result[ing] in the payment of a lesser benefit to another claimant," is not plainly erroneous or inconsistent with VA regulations or the beneficent congressional intent evidenced within the United States Code. *See Chevron*, *Gardner*, and *Smith*, all *supra*; 38 C.F.R. § 20.3(p). The Court concludes that the Board correctly determined that VA properly considered the attorney-fees determination to constitute a simultaneously contested claim under 38 U.S.C. § 7105A. Accordingly, the Board's January 13, 2010, decision is AFFIRMED.