# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 21-8261

KENNETH H. DOJAQUEZ AND PHILLIP POOLE, APPELLANTS,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before PIETSCH, MEREDITH, and LAURER, *Judges*.

# O R D E R

On December 22, 2021, the appellants, Kenneth H. Dojaquez and Phillip Poole, through the same counsel, filed a joint Notice of Appeal (NOA) identifying an August 26, 2021, Board of Veterans' Appeals (Board) letter as the decision that they seek to appeal. That letter appears to (1) notify Mr. Dojaquez that the Board received his appeal of a May 25, 2021, rating decision regarding his claim of entitlement to attorney fees, (2) inform Mr. Dojaquez that the appeal is subject to the procedures for contested claims and that the Board would therefore send Mr. Poole, the "[c]ontesting [c]laimant," a redacted copy of the appeal, and (3) describe the Board's procedures for processing contested claims. Dec. 22, 2021, NOA, Exhibit A at 1.

Pending before the Court is the Secretary's January 26, 2022, motion to dismiss this appeal for lack of subject matter jurisdiction, asserting that the Board's letter is not a final Board decision for purposes of invoking the Court's jurisdiction under 38 U.S.C. § 7252(a). The appellants maintain that the letter constitutes a final decision because the Board denied or rejected their shared position that the issue before the Board was not a simultaneously contested claim. This matter was submitted to a panel to address the jurisdictional question raised by the parties' filings. For the reasons that follow, the Court holds that the August 26, 2021, Board letter is not a final Board decision for purposes of the Court's jurisdiction under 38 U.S.C. § 7252(a). Therefore, the Court will grant the Secretary's motion and dismiss this appeal for lack of jurisdiction.

## A. Background

As mentioned, the appellants seek to appeal an August 26, 2021, letter from the Board. For context, the Court will summarize the proceedings before VA that led to the Board sending that letter.

In September 2019, VA awarded Mr. Poole, a Vietnam era veteran, a 100% disability rating for a mental health disability, effective from August 2007. Appellants' Opposition, Exhibit 2. The following month, VA issued a summary of the case to Mr. Poole's counsel before VA—appellant, Kenneth H. Dojaquez. Appellants' Opposition, Exhibit 5. The summary of the case reflects that the appellants entered into a valid direct-pay fee agreement, which provided that VA would

withhold 20% of any award of past-due benefits and pay that amount directly to counsel.[1] *Id.* at 28.[2] VA calculated the amount of past-due benefits as $233,169.90 and determined that Mr. Dojaquez was entitled to direct payment of attorney fees in the amount of $46,533.98—20% of the amount of past-due benefits, less a $100 assessment pursuant to 38 U.S.C. § 5904(a)(6). *Id.* at 28-29.

Mr. Dojaquez filed VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), appealing the October 30, 2019, summary of the case. Appellants' Opposition, Exhibit 6. He disagreed with how VA calculated the amount of attorney fees due based on the total amount of the veteran's award of past-due benefits. *Id.* The Board, in February 2021, remanded the matter for the Agency to obtain additional documentation and to recalculate Mr. Dojaquez's fee. Appellants' Opposition, Exhibit 7 at 38-39.

On May 25, 2021, a VA regional office (RO) notified the appellants that Mr. Dojaquez was not entitled to additional attorney fees. Appellants' Opposition, Exhibit 8. The appellants filed separate decision review requests. *See* Secretary's Motion to Dismiss, Exhibit B; Appellants' Opposition, Exhibit 9. Mr. Poole identified the specific issue on appeal as "[w]hether the fee determination is a simultaneously contested claim." Appellants' Opposition, Exhibit 9. He asserted that he did *not* appeal the October 30, 2019, fee decision and that the issue appealed by Mr. Dojaquez concerned VA's calculation error, which is not a dispute between Mr. Poole and Mr. Dojaquez. *Id.* Mr. Poole argued that, "[t]his [fee determination] is not a simultaneously contested claim . . . . and [that] the Board is obligated, under [38 U.S.C.] § 7104(d)(3), to make such a finding." *Id.*

Mr. Dojaquez, in his decision review request, identified the specific issue on appeal as entitlement to "[a]ttorney[] fees . . . authorized by 38 U.S.C. § 5904." Secretary's Motion to Dismiss, Exhibit B. He also asserted that the issue on appeal is not a simultaneously contested claim, *see id.*, and he submitted additional argument explaining that the matter before the Board is *not* a contested claim because Mr. Poole does not assert that he is entitled to any of the funds allegedly owed to Mr. Dojaquez, Appellants' Opposition, Exhibit 10 at 61-62. Rather, Mr. Dojaquez argued that VA miscalculated the total award of past-due benefits for purposes of determining his fee; i.e., he averred that, although VA correctly determined the amount that Mr. Poole was entitled to receive, Mr. Dojaquez's 20% must be calculated prior to any offset. *Id.* at 62 (citing *Rosinski v. Wilkie*, 32 Vet.App. 264 (2020)).

Following receipt of Mr. Dojaquez's decision review request, the Board sent the August 26, 2021, letter to Mr. Dojaquez, explaining that his appeal regarding entitlement to attorney fees is subject to the procedures for contested claims and that the Board would process the claim

---

[1] Pursuant to 38 U.S.C. § 5904, when an attorney enters into a valid direct-pay contingency fee agreement with a claimant and the matter is resolved in a manner favorable to the claimant, the Secretary is obligated to withhold and pay the agreed-upon fee directly to an attorney, and this duty creates a corresponding right for the attorney to collect that fee. *See Matter of Fee Agreement of Smith*, 4 Vet.App. 487, 495 (1993) (explaining that the attorney and the claimant "share a joint entitlement to the fund of any past-due benefits awarded").

[2] The Court's references to the appellants' exhibits refer to the overall pagination of the Portable Document Format document.

accordingly. The letter did not purport to adjudicate whether Mr. Dojaquez was entitled to additional attorney fees. This appeal followed.

## B. The Parties' Arguments

In his motion to dismiss, the Secretary asserts that the Board sent the August 26, 2021, letter to inform Mr. Dojaquez that it had received his appeal pertaining to the May 25, 2021, RO decision and that his appeal seeking additional attorney fees was placed on the direct review docket and was subject to the procedures for contested claims. Secretary's Motion to Dismiss at 2, Exhibit A. The Secretary further notes that, 5 days after the appellants filed their NOA, the Board issued a decision on December 27, 2021, denying additional attorney fees based on past-due benefits awarded in the September 2019 rating decision. *Id.*, Exhibit D. The Secretary thus argues that dismissal is appropriate because a Board decision, for purposes of the Court's jurisdiction, is a "Board order that either grants or denies benefits." Secretary's Motion to Dismiss at 3 (first citing *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000); then citing *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005); and then citing *Tyrues v. Shinseki*, 732 F.3d 1351, 1355 (Fed. Cir. 2013)). He avers that the August 2021 letter does not constitute a final decision; rather, the Board issued a final decision on the claim for additional attorney fees on December 27, 2021. *Id.* at 3-4.

In their opposition, the appellants agree that the Court has jurisdiction over final Board decisions. Appellants' Opposition at 1. They maintain, however, that "[a] denial is a final decision," and that the August 26, 2021, letter rejecting their shared position that the attorney-fee matter is not a simultaneously contested claim constitutes a denial. *Id.* at 1, 3-5. The appellants then take two alternative positions. First, they argue that the Court has jurisdiction over a Board denial regardless of whether the denial is of a "'benefit,'" asserting that Congress did not limit the Court's jurisdiction to Board decisions that grant or deny benefits. *Id.* at 5 (citing 38 U.S.C. § 7252(a), (b)). The appellants also argue that the "Court frequently has exercised jurisdiction to review a Board decision that neither granted nor denied a benefit." *Id.* at 6. They further contend that *Maggitt*, *Kirkpatrick*, and *Tyrues* do not hold that the Court's jurisdiction is *limited* to a Board decision that grants or denies a benefit, and that the Board's choice of format—here, a letter—to convey the denial does not affect the determination whether the Board rendered a decision. *Id.* at 6-7.

In the alternative, the appellants aver that the Court has jurisdiction because the determination "whether the attorney-fee matter at issue constitutes a 'simultaneously contested claim' is a 'status, entitlement to which is determined under laws administered by [VA] pertaining to veterans and their dependents and survivors.'" *Id.* at 8 (first quoting 38 U.S.C. § 7105A; and then quoting 38 C.F.R. § 20.3(e)). They argue that, by the Secretary's definition, "[t]he Board's rejection of that status . . . was a denial of a benefit," which is determined under laws administered by VA. *Id.* (citing 38 U.S.C. §§ 511(a), 7104(a), 7105A). Finally, although not raised by the Secretary in his motion to dismiss, the appellants assert that they both have standing to bring this appeal. *Id.* at 9-10. In short, the appellants allege that they are harmed by the Board's determination that the fee determination is a simultaneously contested claim because it "essentially drives a wedge into their attorney-client relationship." *Id.* at 10.

3

In reply, the Secretary reiterates that the Board did not issue a final decision regarding the benefit sought—additional attorney fees—until December 27, 2021. Secretary's Reply at 2. He contends that the August 2021 letter merely provided the appellants notice regarding the procedures and options available before the Board. *Id.* at 1 n.1. And, to the extent that the appellants dispute whether the matter is a simultaneously contested claim, the Secretary notes that the December 27, 2021, final Board decision addressed that issue and the appellants have appealed that decision to the Court, so the appellants may bring any arguments on status along with the appeal of that final Board decision.[3] *Id.* at 2, 5. The Secretary thus renews his request that the Court dismiss this appeal for lack of jurisdiction. *Id.* at 6.

## C. The Court's Jurisdiction

This Court's appellate jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). Section 7252(a) of title 38, U.S.C., is the Court's sole source of jurisdiction. *See Skaar v. Wilkie*, 32 Vet.App. 156, 180 (2019) (en banc order); *see also Love v. McDonough*, __ Vet.App. __, __, 2022 WL 2262956, at *9 (June 23, 2022) (per curiam order).

Pursuant to section 7252(a), the Court has "exclusive jurisdiction to review decisions of the Board." 38 U.S.C. § 7252(a). It is well settled that for this Court to exercise jurisdiction over a Board decision, that decision must be final and adverse to the appellant. *See Skaar*, 32 Vet.App. at 180 ("[A] final Board decision operates as the jurisdictional 'trigger' that gives [the Court] the authority to hear a particular appeal."); *see also* 38 U.S.C. § 7266; *Mokal v. Derwinski*, 1 Vet.App. 12, 13-15 (1990). Thus, a Board remand is not a decision within the meaning of section 7252(a). *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020). "'A 'decision' of the Board, for purposes of . . . jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . , or they are denied.'" *Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 56 (2020) (per curiam order) (quoting *Maggitt*, 202 F.3d at 1376), *aff'd per curiam sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (Rule 36 judgment); *see Kirkpatrick*, 417 F.3d at 1364 (noting that "case law and [38 U.S.C. §] 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief[,]" and holding that "[t]he Board's remand [for additional development] contain[ed] no order granting or denying relief"); *Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order) (holding that a Board remand that "does not make a final determination with respect to the benefits sought by the veteran . . . does not represent a final decision over which this Court has jurisdiction").

This case requires the Court to address whether the August 2021 letter constitutes a final Board decision. In that regard, the Court recently revisited, albeit in a different posture, what constitutes a final Board decision for purposes of the Court's jurisdiction. In *Clark v. McDonough*, the appellant sought to appeal a Board order that remanded the appellant's only benefits claim and implicitly denied the appellant's purported motion to waive her rights under VA's duty to assist.

---

[3] On April 26, 2022, the appellants, through the same counsel representing them in this case, appealed the December 27, 2021, Board decision. That matter is pending under a separate docket. *Dojaquez v. McDonough*, U.S. Vet. App. No. 22-2489 (NOA filed Apr. 26, 2022).

4

__ Vet.App. __, 2022 WL 2157056 (June 15, 2022) (per curiam order). The appellant argued that, by remanding her claim for additional development, the Board effectively denied her motion and that the Board's denial was an adverse final decision on the motion that the Court had jurisdiction to review. *Id.* at *3. The Court disagreed.

Based on a review of the statutory language, *see* 38 U.S.C. §§ 511(a), 7104(a), 7252, and considering binding precedent, the Court reached "a definite conclusion: for the Court to take jurisdiction over an appeal from the Board, the Board must have granted or denied benefits, and the claimant must have been adversely affected by the Board's decision." *Clark*, 2022 WL 2157056, at *4. The Court thus held that a motion seeking to waive the duty to assist "is not a claim for benefits and that the Board's adverse ruling on a nondispositive motion does not satisfy section 7252(a)'s requirements." *Id.* at *5. Further, although the Court acknowledged that "the Board's rejection of the purported motion is an issue that [the Court] could address if [it] had jurisdiction," the Court concluded that "it does not itself constitute a denial of benefits that gives [the Court] a jurisdictional hook." *Id.*

### D. Discussion

The ultimate burden of establishing jurisdiction rests with the appellants. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 188-89 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). As mentioned, the appellants here argue that the August 2021 letter is a final decision because it is a "denial"; the Board rejected their argument that the attorney fee matter is not a simultaneously contested claim. *See* Appellants' Opposition at 4 (citing BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "denial" as a "refusal or rejection")). They further contend that it is of no consequence whether the denial constitutes denial of a "benefit." *Id.* at 5. The Court is not persuaded.

To begin, as the *Clark* Court recently noted, the "[U.S. Court of Appeals for the] Federal Circuit [(Federal Circuit)] and this Court have consistently held that the Court can only take jurisdiction over an appeal when the Board has rendered a final decision on the benefits sought by the claimant." *Clark*, 2022 WL 2157056, at *4 (citing *Kirkpatrick*, 417 F.3d at 1364-65; *Maggitt*, 202 F.3d at 1376; *Gardner-Dickson*, 33 Vet.App. at 55-56; and *Breeden*, 17 Vet.App. at 478). Notwithstanding this precedent, the appellants argue that Congress did not confine this Court's jurisdiction to review of decisions that grant or deny benefits, and that the holdings in *Maggitt*, *Kirkpatrick*, and *Tyrues* also do not limit the Court's jurisdiction to Board decisions that grant or deny benefits. *See* Appellants' Opposition at 5-7. The Court will address each argument in turn.

The appellants contend that, because Congress vested this Court with "'exclusive jurisdiction to review decisions of the Board'" and Congress imposed few exceptions from this jurisdiction, no additional exceptions may be implied in the absence of contrary legislative intent. *Id.* at 5 (quoting 38 U.S.C. § 7252(a)); *see id.* at 5-6 (first citing *Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616-17 (1980); and then citing *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1576 (Fed. Cir. 1995)). Specifically, they refer to section 7252(a)'s bar against the Secretary seeking review of a Board decision and the limits on the Court's jurisdiction established in section 7252(b), which provides as follows:

Review in the Court shall be on the record of proceedings before the Secretary and the Board. The extent of the review shall be limited to the scope provided in section 7261 of this title. The Court may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.

38 U.S.C. § 7252(b).

The Court recently addressed the plain meaning of section 7252. *See Love*, 2022 WL 2262956, at *10. In *Love*, the Court explained that "[t]he Court's singular grant of jurisdiction is in subsection (a), giving this Court the power to 'review decisions of the Board.'" *Id.* (quoting 38 U.S.C. § 7252(a)). Subsection (b), on the other hand, serves a different purpose; it "confin[es] [the Court's] review to the record before the Secretary and the Board and to the scope provided in section 7261[] and forbid[s] review of the schedule of ratings for disabilities adopted by the Secretary." *Id.* However, the limits provided in subsection (b) pertain to the Court's powers once it has jurisdiction over a decision of the Board by way of an appeal other than by the Secretary; they do *not* define or limit what constitutes a "decision[]" as contemplated by section 7252(a). Rather, as discussed below, the Federal Circuit and this Court have binding precedent that defines a "decision."

In that regard, the appellants suggest that *Maggitt*, *Kirkpatrick*, and *Tyrues* do not limit the Court's jurisdiction to a decision that grants or denies a benefit. However, the appellants narrowly focus on the bottom-line conclusions and the posture of those cases, without addressing the import of the Federal Circuit's discussion of the statutory language or the analysis underlying its conclusion as to what constitutes a *decision* of the Board.

For example, the appellants argue that there was no question in *Maggitt* that the Board issued a final decision; rather, they contend that the question was whether this Court possessed jurisdiction to consider an argument raised for the first time before it. Appellants' Opposition at 6-7. But, as relevant here, the Federal Circuit explained that section 7252(a) contains an implicit requirement for this Court to possess jurisdiction. *Maggitt*, 202 F.3d at 1375. Specifically, quoting section 7252(a)'s provision that the Court shall have "'power to affirm, modify, or reverse a *decision of the Board* or to remand the matter, as appropriate,'" the Federal Circuit concluded that the Court's jurisdiction "only reaches to a 'decision of the Board.'" *Id.* (quoting 38 U.S.C. § 7252(a)). The Federal Circuit explained that "a veteran must first present a request for a benefit to the Board, then receive a decision on that request, in order to vest jurisdiction in [this] Court to consider the veteran's request and arguments in support thereof." *Id.* at 1376 (discussing *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998)). The Federal Circuit elaborated as follows:

A "decision" of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted (in which case the Secretary of Veterans Affairs (Secretary) is bound by the decision and, under section 7252, may not appeal to the Veterans Court), or they are denied. The language of section 7252 itself supports this interpretation of "decision." This is so, because it is the "decision" as to the benefit sought that estops the Secretary from appealing when the veteran succeeds

6

at the Board, not some argument in support of the benefits decision that might offend the Secretary. In addition, section 7252 confers authority on the Veterans Court to "affirm, modify or reverse a decision of the Board . . . ." 38 U.S.C. § 7252(a) (1994). This authority also speaks to the Board's decision on the veteran's claim itself, not to an argument made or not made in support of the claim. We therefore conclude that the Veterans Court has jurisdiction to hear arguments presented to it in the first instance, provided it otherwise has jurisdiction over the veteran's claim.

*Id.* at 1376-77.

Read in its entirety, the Federal Circuit's decision in *Maggitt* is not limited to explaining the distinction between this Court's jurisdiction over a decision of the Board and a new argument presented on appeal. Rather, the Federal Circuit as a threshold matter determined what constitutes a decision of the Board to invoke the Court's jurisdiction: "A 'decision' of the Board, for purposes of . . . jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran[4]: those benefits are either granted . . . , or they are denied." *Id.* at 1376. And, the Federal Circuit *then* addressed this Court's options for addressing new arguments once jurisdiction is established. *Id.* at 1377-79.

The appellants' reading of *Kirkpatrick* and *Tyrues* is also unavailing because they again fail to engage with the reasoning underlying the holdings in both cases. They contend that *Kirkpatrick* "held only, as most relevant, that a . . . Board remand is not a 'decision within the meaning of section 7252(a).'" Appellants' Opposition at 7 (quoting *Kirkpatrick*, 417 F.3d at 1365). And, regarding *Tyrues*, they assert that the Federal Circuit "held only that 'the denial portion of a mixed decision is a final decision.'" *Id.* (quoting *Tyrues*, 732 F.3d at 1356).

However, in *Kirkpatrick*, the Federal Circuit built on its holding in *Maggitt*, explaining that a Board remand is not a "decision" within the meaning of *Maggitt* and the Board's jurisdictional

[4] Although the Federal Circuit explained its holding in terms of the benefit sought by the "veteran," it is well settled that the Board's jurisdiction is not limited solely to review of veterans' claims. As provided in 38 U.S.C. § 7104, the Board's jurisdiction extends to "[a]ll questions in a matter which under section 511(a) of . . . title [38] is subject to decision by the Secretary." And, section 511(a) provides, in turn, that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary *under a law that affects the provision of benefits* by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a) (emphasis added).

As relevant here, the Federal Circuit thus held, in *Cox v. West*, that an attorney's claim for entitlement to a fee, pursuant to 38 U.S.C. § 5904(d), is subject to one review on appeal to the Board because section 5904(d) is a "law that affects the provision of benefits" under section 511(a). 149 F.3d 1360, 1365 (Fed. Cir. 1998); *see Wells v. McDonough*, __ Vet.App. __, 2022 WL 2257243, at *4 (June 23, 2022) (per curiam order) (noting that a claim of "'entitlement to [a] fee under section 5904(d) . . . requires the Secretary to make a decision under a law that affects the provision of benefits by the Secretary to veterans,'" and therefore the Secretary's decision is subject to review on appeal to the Board (quoting *Cox*, 149 F.3d at 1365)). Further, in *Mason v. Shinseki*, this Court deferred to the Secretary's interpretation that the filing of a fee agreement with VA "constitutes a claim for benefits" and is not inconsistent with the Secretary's broad definition of a claim as an "'application made under title 38, United States Code, and implementing directives for entitlement to Department of Veterans Affairs benefits or for the continuation or increase of such benefits, or the defense of a proposed agency adverse action concerning benefits.'" 26 Vet.App. 1, 7 (2012) (quoting 38 C.F.R. § 20.3(f) (2012)), *aff'd*, 743 F.3d 1370 (Fed. Cir. 2014); *see id.* at 8 (further explaining that the Secretary's interpretation is not inconsistent with VA's regulatory definition of benefit).

statute, which "define a Board decision as including an order granting appropriate relief or denying relief." *Kirkpatrick*, 417 F.3d at 1364 (citing 38 U.S.C. § 7104(d)(2) (2000 & Supp IV 2005) (current version at 38 U.S.C. § 7104(d)(3)). Further, although the jurisdictional question addressed in *Tyrues* arose in the context of a mixed decision, i.e., "[w]hen the Board clearly rejected a request for benefits . . . and designated that rejection subject to immediate appeal, while separately remanding . . . the claimant's request for benefits on other statutory grounds," the Federal Circuit unequivocally stated that "[a] decision of the Board is an order that either grants or denies benefits sought by the veteran." 732 F.3d at 1355 (first citing 38 U.S.C. § 7104(d); and then citing *Maggitt*, 202 F.3d at 1376). In short, the Federal Circuit in *Kirkpatrick* and *Tyrues* applied the definition of a decision of the Board espoused in *Maggitt* to reach its respective holdings: A Board remand is *not* a decision within the meaning of section 7252(a), *Kirkpatrick*, 417 F.3d at 1364-65; but the Board's denial of the benefit sought in a decision that simultaneously remands other issues *is* a "decision" that is immediately appealable, *Tyrues*, 732 F.3d at 1355-57.

In the August 2021 letter, the Board did not render a decision on the benefit sought, which in this case is Mr. Dojaquez's entitlement to additional attorney fees. *See Mason*, 26 Vet.App. at 7. Instead, the Board informed both appellants that the appeal would be processed as a simultaneously contested claim. That the parties disagree with the Board's characterization of the claim and included that *argument* in their respective decision review requests, cannot transform the August 2021 letter into a final Board decision on the benefit sought. In that regard, this case is analogous to *Clark*, where the appellant attempted to appeal a Board remand order based on the Board's implicit denial of her purported nondispositive motion to waive further development. *Clark*, 2022 WL 2157056, at *1. The *Clark* Court rejected the appellant's argument that "a denial of some sort is all that section 7252(a) requires," concluding that the Court was "bound by caselaw interpreting section 7252 to require a final Board decision granting or denying [the] benefit[] [sought] before we can assert jurisdiction." *Id.* at *5. Thus, the *Clark* Court dismissed the appeal for lack of jurisdiction. In this case, the appellants received a final Board decision on the attorney fee matter on December 27, 2021, and their appeal of that decision is pending before the Court under a separate docket.[5]

The appellants' remaining arguments that the Court possesses jurisdiction over the August 2021 letter are undeveloped. First, they contend that the "Court frequently has exercised jurisdiction to review a Board decision that neither granted nor denied a benefit." Appellants' Opposition at 6. But the appellants provide no argument or analysis supporting this contention; instead, they provide two citations without elaboration. *See id.* (first citing 38 C.F.R. § 20.3(e) (defining "[b]enefit" as "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors"); and then citing *Grimes v. McDonough*, 34 Vet.App. 84, 89 (2021) ("The Court has jurisdiction to review the Board's jurisdictional determinations.")).

---

[5] The Court notes that the Board, in addition to denying Mr. Dojaquez's appeal for additional attorney fees, also addressed the appellants' *argument* that the matter was not a simultaneously contested claim. Secretary's Motion to Dismiss, Exhibit D at 34-35. Thus, their argument regarding how VA processed the appeal has not gone unheard and may be addressed in due course.

Therefore, the Court will not entertain this argument.[6] *See generally Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court is unable to find error when arguments are undeveloped).

Next, the appellants argue in the alternative that, even assuming that section 7252(a) requires a decision that grants or denies the benefit sought, whether the attorney fee matter at issue constitutes a simultaneously contested claim is a "status" and therefore a benefit pursuant to the Secretary's definition provided in § 20.3(e). Appellants' Opposition at 8. Here too, they provide no analysis and cite no authority supporting their argument. They also do not explain how a determination by the Board regarding the nature of the claim or how the claim is processed constitutes a final decision on the benefit sought, which in this case is additional attorney fees pursuant to the appellants' direct-pay fee agreement.[7] As the Federal Circuit explained in *Maggitt*, section 7252(a) "speaks to the Board's decision on the . . . claim itself, not to an argument made or not made in support of the claim." *Maggitt*, 202 F.3d at 1377.

To be clear, the Court expresses no opinion whether the Board properly found the appeal subject to the procedures for contested claims or whether the Board was then correct in adjudicating the claim for additional attorney fees as such. The Court simply holds that such a determination by itself does not satisfy section 7252(a)'s requirements, and thus the Court lacks jurisdiction.

## E. Conclusion

Upon consideration of the foregoing, it is

ORDERED that the stay of proceedings is lifted. It is further

---

[6] The Court acknowledges that it exercises jurisdiction over Board decisions that finally decide various issues that may not at first glance appear to grant or deny a benefit as that phrase is used in *Maggitt* and its progeny. *See, e.g.*, *Bates v. Nicholson*, 398 F.3d 1355, 1366 (Fed. Cir. 2005) (holding that the Board and therefore this Court have jurisdiction over decisions by the Secretary terminating an attorney's accreditation to represent claimants before VA); *Canady v. Nicholson*, 20 Vet.App. 393, 400-01 (2006) (holding that a Board decision dismissing without prejudice a request for revision on the basis of clear and unmistakable is a final decision for purposes of the Court's jurisdiction); *King v. Nicholson*, 19 Vet.App. 406, 409 (2006) (explaining that the Court always has jurisdiction to assess its own jurisdiction, which includes reviewing the Board's determination that it lacks jurisdiction over a particular matter). Nonetheless, the appellants fail to explain how those cases are analogous to the issue they seek to appeal here, i.e., whether the Board properly processed the claim for additional attorney fees as a simultaneously contested claim.

[7] The Court also acknowledges that it has reviewed decisions of the Board determining that a claimant had not established a certain status, such as veteran status, recognition as a surviving spouse, or status as an eligible accrued-benefits beneficiary. *See, e.g.*, *Patricio v. Shulkin*, 29 Vet.App. 38 (2017) (reviewing a Board decision denying recognition as the surviving spouse of the veteran for the purposes of receiving VA death benefits); *Donnellan v. Shinseki*, 24 Vet.App. 167, 171 (2010) (noting that, to establish entitlement to disability compensation benefits, the claimant must first establish status as a veteran), *dismissed*, 676 F.3d 1089 (Fed. Cir. 2012); *Burris v. Principi*, 15 Vet.App. 348 (2001) (reviewing a Board decision denying accrued benefits because the appellant had not established eligibility as an accrued-benefits beneficiary). However, in each of those cases, the appellant's status was an essential element of the claim for benefits, i.e., absent that status, there could ultimately be no entitlement. In other words, an adverse Board determination on the threshold issue of status is necessarily dispositive as to whether a claim for benefits may be granted. The appellants have not presented a similar argument here.

ORDERED that the Secretary's January 26, 2022, motion to dismiss this appeal is granted; the appeal is DISMISSED for lack of jurisdiction.

DATED: August 23, 2022                                              PER CURIAM.